WILLIAM J. POULSON et al., appellants,

*v.*

THE NATIONAL BANK OF FRENCHTOWN et al., respondents.

1. After the removal of administrators and the appointment of another in their stead, a creditor of the estate may file exceptions to their account as well as the new administrator.

2. The orphans court has power to determine whether exceptants are creditors, and, as such, interested in the settlement of the estate.

Appeal from order of Hunterdon orphans court.

*Mr. J. G. Shipman,* for appellants.

*Mr. J. R. Bullock, Mr. J. T. Bird, Mr. J. N. Voorhees* and *Mr. W. M. Davis,* for respondents.

THE ORDINARY.

The appellants are administrators of Samuel B. Hudnit, deceased. They were, by the order of the orphans court of Hunterdon county, removed from office, and Edward P. Conkling appointed in their stead. They filed their account, and the respondents, as creditors of the intestate, filed exceptions to it. Mr. Conkling filed none. The counsel of the appellants moved the court to strike out the exceptions, on the ground that they were filed by persons who did not appear to have any right to except. He insisted that the new administrator alone had that right, and, besides, if creditors had a right to except, that it did not appear that the exceptants were, in fact, creditors.

The question presented is, whether the creditors of, or other persons interested in an estate may file exceptions to the account of a removed or discharged executor or administrator; or whether the privilege of exception is confined to the newly-appointed administrator. The one hundred and twenty-ninth section of the orphans court act provides that the new administrator shall have

power and authority to demand, receive and recover the property and assets of the estate, and to maintain all proper actions, at law or in equity, for the recovery thereof, and shall be authorized to do all acts necessary for the administration and settlement of the estate. The next section provides that the discharged or removed executor or administrator shall forthwith deliver over to the new one, his successor, all the property and assets which he may hold, and shall, at the next term of the court, state and settle his account, and pay the balance shown to be due to his successor, according to the order of the court; and that, on his failure to do so, the court may enforce the performance of the order by fine, for the benefit of the estate, to be collected by execution against the goods, chattels and lands of the delinquent, or the payment of the fine may be enforced by attachment for contempt. The next section provides that the new administrator may have actions of trover, detinue or in case for such goods and chattels as shall have come to the possession of the discharged or removed executor or administrator, and for any breach of trust, waste, embezzlement or misappropriation thereof, and may proceed, by action at law or suit in equity, for the recovery of the assets, either against the discharged or removed executor or administrator, or any other person into whose possession the assets may have come or shall be.

The right of any person interested in the estate to except to the account of an executor or administrator is recognized by the one hundred and fifth section of the act. The question is, whether such right is taken away by the other provisions above stated, for the obtaining or recovery of the estate from a discharged or removed executor or administrator. The right of a *cestui que trust* to except or object to the account of his trustee is a very obvious one, and one of which he cannot be deprived. The right to an account necessarily and manifestly implies the right of objection to the account. The undoubted right of those who are interested in an estate to object to the account of the persons by whom it is administered cannot be taken away from them, and the legislature has not attempted to do so. Instead of attempting to deprive them of existing rights, it has

sought to give them new and additional protection; and though it is the duty of the new administrator to object to the account of the discharged or removed executor or administrator, and he is the representative of those interested in the estate, for that purpose as well as others, the fact that it is his duty does not deprive them of their right to except also. He may have but little or no knowledge of the estate, and therefore may not be able to make the objections that should be made. He may not be able to make any where many ought to be made. And if he were to make objections under information from those whom he represents, he might not be able to litigate them, while they could. The fact that a new trustee has been appointed in the place of one removed, could not take away the right of the *cestui que trust* to object to the account of the latter. The argument *ab inconvenienti,* urged in the present case, has no foundation. It would apply equally to the right to except to any account of a trust in favor of a number of *cestuis que trust* or to the right to except to the account of any executor or administrator, guardian or trustee, where the persons interested and who have a right to object are many. Practically, however numerous the exceptions, the litigation is within the control of the court, and it will so conduct it as to prevent it from being oppressive or vexatious. In the case of the account of a discharged or removed executor or administrator, guardian or trustee, all the persons interested in the estate, including the new appointee, have the right to except. The case of *McDonald* v. *O'Connell, 10 Vr. 318,* is not in contrariety to this conclusion. It was there held that on the removal, by the orphans court, of an executor or administrator who has wasted the estate, the right of redress for the *devastavit* passes to his successor in office, and cannot be exercised by creditors. The object of exception to the account merely is to ascertain what is due from the accounting executor or administrator, and what he should be required to pay or deliver over; and when that has been ascertained it is the duty of the new administrator to receive or recover it. The right to except to the account does not necessarily involve the right to receive or recover the amount which may be adjudged to be due.

The objection that the respondents did not appear to be creditors, and therefore did not appear to be interested in the estate, cannot be maintained.   It was without the power of the court to determine whether the exceptants were to be regarded as being interested in the estate as creditors, or not.   An administrator or executor may be removed before any claim against the estate has been proved, and it is competent for the court to determine, in such case, whether one who excepts to his account, as a creditor of the estate, is interested in the estate, as such, or not, as it may whether one who excepts in any other right has such right or not.

The order of the orphans court will be affirmed, with costs.